**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

SHAWN PAUAHI SANTANA,

        Defendant - Appellant.

No. 25-2933

D.C. No.
1:24-cr-00022-LEK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 22, 2026[**]
Honolulu, Hawaii

Before: SMITH, MILLER, and JOHNSTONE, Circuit Judges.

    Shawn Pauahi Santana appeals the district court's judgment sentencing him to 240 months of imprisonment followed by five years of supervised release following his guilty plea to conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), 841(b)(1)(A), and 846. Santana challenges the district court's calculation of his criminal history score under the United States Sentencing Guidelines ("Guidelines") and its failure to explicitly rule on his request for "safety valve" relief under 18 U.S.C. § 3553(f). S*ee Pulsifer v. United States*, 601 U.S. 124, 128 (2024). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

In his plea agreement, Santana waived his right to appeal the district court's sentence. He now argues that the district court's oral statements during his change-of-plea hearing vitiated the appellate waiver. We assume without deciding that Santana can overcome the appellate waiver in his plea agreement. *But see Hunter v. United States*, No. 24-1063, 608 U.S. ---, 2026 WL 1751815, at *6 (U.S. June 18, 2026). Even so, Santana's claims fail on the merits. *See United States v. Wells*, 29 F.4th 580, 585 n.1 (9th Cir. 2022) ("[A] plea agreement's appeal waiver does not divest our court of jurisdiction to hear an appeal.").

1. We review for plain error Santana's unpreserved argument that the district court erred in its Guidelines calculation. *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). In determining a defendant's criminal history score, a district court considers any prior sentence "that was imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2) (2025). The district court credited Santana's 2013 sentences for domestic battery

and driving under the influence in determining his criminal history score. Santana admitted in his plea agreement that the conspiracy for which he was convicted began "by at least October 2022," within ten years of both prior sentences. Thus, the district court did not plainly err in calculating Santana's criminal history score.

2.  We review de novo a district court's interpretation of § 3553(f), but "review for clear error the district court's factual determination that a particular defendant is eligible for [safety-valve] relief." *United States v. Salazar*, 61 F.4th 723, 726 (9th Cir. 2023) (citation omitted). The district court applied a two-level sentencing enhancement after finding that Santana served as "an organizer, leader, manager, or supervisor" in the drug conspiracy under U.S.S.G. § 3B1.1(c). Santana does not challenge that finding. But a defendant cannot qualify for safety-valve relief if he was "an organizer, leader, manager, or supervisor," § 3553(f)(4), so this finding made Santana ineligible for safety-valve relief. *See United States v. Doe*, 778 F.3d 814, 826 (9th Cir. 2015); U.S.S.G. § 5C1.2 cmt. n.3(A). The district court did not need to explicitly rule on Santana's eligibility for safety-valve relief because its finding on the aggravating-role enhancement made him categorically ineligible for this relief. *Cf. United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996) (vacating and remanding for resentencing when district court failed to "provide *reasons* for agreeing or refusing to apply section 5C1.2 at the time of sentencing" (emphasis added)).

**AFFIRMED.**